CITY OF HAVERHILL *vs.* INHABITANTS OF GROVELAND.

Essex.    November 8, 1890. — November 26, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bridge — Maintenance and Repairs — Award.*

County commissioners, upon rebuilding a bridge and draw across a river between a city and a town, awarded that each should maintain and keep in repair that part of the bridge up to the draw which was contiguous to the highway leading thereon from its own side; that the town should "maintain and keep in repair one third of the draw" and the city "two thirds of the draw"; and that each should "keep and maintain that part of said draw contiguous to the part of the

---

bridge each is bound to maintain and keep in repair respectively." *Held,* that the town was liable only for the maintenance and repair of one third of the draw measured from its end of the bridge, and not for one third of the expense of maintaining and keeping in repair the entire draw.

PETITION for a writ of mandamus to compel the respondent town to repair one third portion of the draw fender of a bridge across the Merrimack River, between the city of Haverhill and the town of Groveland. The case was submitted to this court upon an agreed statement of facts, the material part of which appears in the opinion.

*B. B. Jones,* for the petitioner.

*W. S. Knox,* for the respondent.

W. ALLEN, J. Under the St. of 1881, c. 162, the county commissioners of Essex County rebuilt the bridge and draw across the Merrimack River between the city of Haverhill and the town of Groveland, and made an award apportioning between that city and town the expense of maintaining and keeping in repair the bridge and draw. The only question presented to us by the parties is whether, under the award, the town of Groveland is to maintain any part of the fender, which is part of the draw. This fender extends up and down the river at right angles with the bridge in continuation of the pier upon which the draw rests, its width being thirty-one feet, and its length, including the width of the bridge, two hundred and twenty feet. It was built to guide vessels passing the draw, and to protect the pier and machinery from vessels and floating ice. The award upon the matter is in these words: " And we do further determine and decree, that the city of Haverhill and the town of Groveland shall each maintain and keep in repair said bridge and draw as follows, namely: the town of Groveland shall maintain and keep in repair that part of said bridge contiguous to the highway leading on to the bridge from the town of Groveland up to the draw; and the said city of Haverhill shall maintain and keep in repair that part of said bridge contiguous to the highway leading on the bridge from the city of Haverhill up to the draw; and the town of Groveland shall maintain and keep in repair one third of the draw; and the city of Haverhill shall maintain and keep in repair two thirds of the draw; and each shall keep and maintain that part of said draw contiguous to the part of the

bridge each is bound to maintain and keep in repair respectively. And the town of Groveland and the city of Haverhill shall appoint a suitable person as draw-tender, who shall have control and direction of the passing of vessels through the draw, and who shall be paid for his services as follows : one third by the town of Groveland, and two thirds by the city of Haverhill."

The language is clear and unambiguous. There can be no question about what part of the bridge each party is to maintain, and each is to maintain the part of the draw contiguous to its part of the bridge, and the part to be maintained by the petitioner is to be two thirds, and that by the respondent one third of the draw. This clearly divides the draw into two parts, by a designated line, and assigns the parts to the parties respectively. The fender is in the part assigned to Haverhill, and is not contiguous to the part assigned to Groveland, and it is not claimed that, under this construction of the award, Groveland is bound to maintain any part of the fender.

The petitioner denies that this is the true construction of the award, and contends that it is to be construed to require Groveland to maintain one third of the drawbridge, and one third of the fender. The draw consists of the drawbridge, the draw pier and machinery for operating the drawbridge, and the draw fender, and the construction contended for by the petitioner is, that the respondent shall maintain one third of the drawbridge and one third of the draw pier and machinery, and one third of the draw fender. We do not find any warrant for this construction in the language of the award, or in the circumstances which may aid in construing it. The award does not intend to designate a proportional part of the expense which each party shall pay, but to put upon each the duty and expense of maintaining a designated part of the draw. It treats the draw as a whole, and assigns to each a part of it. It shows the intention that the larger proportion of the expense of maintaining the entire bridge and draw shall be upon Haverhill, but it does not fix any proportion. Some indication of what would probably be intended may be found in the proportion of the cost of building the bridge which was assessed upon the parties in the same award. Haverhill was required to pay over $28,000, and Groveland less than

$6,000. For maintaining the bridge and draw, the part of the bridge assigned to Haverhill was two hundred and fifty-one feet in length, and included two piers; the part assigned to Groveland was three hundred and seventy-seven feet in length, and included three piers. The part of the draw assigned to Haverhill included one hundred and fourteen feet of the drawbridge, and the draw pier and machinery, and the fender; the part of it assigned to Groveland was fifty-seven feet of the drawbridge. The length of the fender is two hundred and thirty feet. The expense of maintaining the machinery and the fender, as compared with that of maintaining the bridge, is not stated; nor is the ability of Haverhill and Groveland respectively to maintain the bridge, nor the benefits which they respectively receive from it, except as these may be indicated by the proportions of the cost of the bridge which were assessed upon them. There is nothing to indicate that the cost of maintaining the respective parts of the bridge and draw which were assigned to the parties by the terms of the award was not deemed by the commissioners, and was not in fact, a just and equitable division of the whole expense of maintaining the bridge and draw. We can find nothing in the language of the award, or in the facts which may aid in its construction, to show that any other division of the expense was intended.                    *Petition dismissed.*