THE TOWNSHIP OF FRENCHTOWN v. THE BOARD OF SUPERVISORS OF MONROE COUNTY.

*Bridges—Liability for cost of construction—Board of supervisors.*

1. Act No. 62, Laws of 1889 (3 How. Stat. § 1310 *a et seq.*), which authorizes the board of supervisors of a county to order the construction of a bridge, and fix the respective portions which each township in which it is situated shall contribute towards its construction, etc., only applies to townships in which a portion of the bridge when built is *actually* located.

2. Without discussing the act at length, it is suggested that many imperfections could be pointed out which would render it practically incapable of enforcement.

*Certiorari* to review proceedings for the construction

of a bridge under Act No. 62, Laws of 1889. Submitted on briefs November 20, 1891. Proceedings quashed December 21, 1891. The facts are stated in the opinion.

*Landon & Lockwood* (*I. R. Grosvenor*, of counsel), for petitioner.

*A. B. Bragdon*, for respondent.

LONG, J. The board of supervisors of Monroe county met in special session on July 6, 1891, for the purpose of considering the petition of the township board of the township of Raisinville to construct a bridge across the river Raisin, on a highway between that township and the township of Monroe in that county. In the petition asking the meeting of the board of supervisors it was alleged that the township of Frenchtown, the relator in this case, had a particular and local interest in the construction of said bridge; and the supervisors were asked to determine the kind of bridge to be constructed, and to fix the respective proportions which each township should contribute for its construction, and for keeping the bridge in repair.

The board of supervisors at their meeting resolved that the bridge was a public necessity, and ordered it to be constructed at the point designated in the petition. They also determined that the relator had a particular local interest in the construction of the proposed bridge; that the bridge should consist of three spans of truss pattern, to be built of wrought-iron, at a cost, when completed ready for travel, not to exceed $7,000. A committee of five members of the board was appointed to compute and ascertain the amount to be apportioned to each township for the construction of the bridge, which committee reported that the township of Raisinville should contribute five hundred one-thousandths, the

township of Frenchtown three hundred and twenty-five one-thousandths, and the township of Monroe one hundred and seventy-five one-thousandths, and that the same quota should be assigned and designated by the board as the quota or proportion of the several townships towards keeping the bridge in repair. The funds for the construction of the bridge were ordered to be raised by the townships in that proportion by a tax to be levied in 1891. The bridge was named the "Paper-Mill Bridge," and a committee of three members of the board was appointed as agents to contract for the building and construction thereof, in accordance with section 5, Act No. 62, Laws of 1889. The county treasurer was directed to open an account with each of the several townships named, and to charge the respective amounts before named to each of such townships.

A proper certificate of the action of the board of supervisors was served upon the townships, when, on the 11th day of July, 1891, the township of Frenchtown protested against the action of the board of supervisors in directing that township to pay any portion of the cost of construction of the bridge, or keeping and maintaining in repair any portion of the bridge thereafter. This protest was served upon the committee and the township boards of the other townships, with notice that an application would be made to this Court to review the action of the board of supervisors in the premises. No further proceedings have been taken since the allowance of the writ of *certiorari* in this case.

It appears from the record before us that no part of this bridge lies within the township of Frenchtown.

It is submitted by counsel for the respondent that the board has substantially carried out the provisions of Act No. 62, Laws of 1889; that it met within the time limited by the act, considered the petition, determined that the

bridge at the point named was a public necessity, and granted the prayer of the petitioner; that it declared that the township of Frenchtown had a particular local interest in the construction of the bridge; that it designated the kind of bridge, and fixed the limit of its cost, and the proportionate amount which each township should pay for its construction and keeping it in repair, and ordered the several amounts to be raised in one year; that it designated the title of the bridge, and ordered the county treasurer to open an account with the several townships, and appointed a committee of three to act as its agents to contract for the building of the bridge.

On the part of the relator it is said that there is no authority under said act to apportion to the relator any part of the cost of the construction of the bridge, for the reason that no part of the bridge is situated within that township; that the mere fact that the petitioning township asserted in its petition that the relator had a particular local interest in its construction, and the board of supervisors so found, would not confer, under this act, any power upon the board of supervisors to apportion to the relator any sum for its construction; and that there is no authority conferred upon the board of supervisors by any statute in this State to charge the relator with any portion of the moneys needed to construct this bridge or to maintain it. It is also claimed that the petitioning township board had no power to make such a petition, for the reason that the electors of that township at the general election held April 6, 1891, by nearly a two-thirds vote, declined to vote to raise money for this identical bridge. It is further contended that the board of supervisors did not adopt the plans and specifications for the bridge, nor fix the cost of construction, but ordered the whole $7,000 to be assessed and collected before it was ascertained in any manner

how much would be needed. It is also contended that the act under which the board acted is unconstitutional.

The title of the act is as follows:

"An act to provide for building bridges situated partly in more than one township, or in one township, or more than one, and partly in a city or incorporated village, when any such township, city, or village shall be unwilling to join in or contribute to the building thereof."

Section 1 of the act is as follows:

"*The People of the State of Michigan enact*, That whenever any township, city, or such incorporated village as mentioned hereafter in this section shall be desirous of having a bridge constructed which would, when constructed, be partly in more than one township, or partly in one township, or more than one, and partly within a city, or in an incorporated village which may be bound to keep in repair a street leading to and across such bridge when built, and any such township, city, or village shall be unwilling, or upon request neglect or refuse, to join in building such bridge, or to contribute its just share to the building thereof, any such township, city, or village desiring the building of such bridge may by its township board, its common council, or its village council, as the case may be, by petition, in the form of a resolution or otherwise, apply to the board of supervisors of the county for an order for the construction of such bridge, and for fixing the respective proportions which each township, city, and village shall contribute for the construction of such bridge and for keeping the same in repair, as well as for deciding the kind of bridge to be constructed."

We need not in the present case enter upon a discussion of or determine the constitutional questions raised. One fact appears in the record of the proceedings of the board of supervisors which shows that it has exceeded its powers. The petition upon which the board of supervisors acted sets forth that no portion of the bridge is situated in the township of Frenchtown. The power of the board of supervisors to apportion and assess any part of the moneys necessary to the construction and

maintenance of the bridge is limited by the title of the act and its first section to such township or townships or city or incorporated village in which the bridge is partly situated. It seems to have been the intent of the Legislature to facilitate the erection of bridges thus situated, and to apportion the cost of construction between the townships and city or village when a portion of the bridge was located therein, and to no other township or city or village. As stated in *Township Board of Ecorse v. Board of Supervisors,* 75 Mich. 270:

"The statute makes the two townships the assessing districts, but leaves it to the board of supervisors to apportion the cost and expense between the townships, without any fixed standard of apportionment."

Many imperfections could be pointed out in the law which would render it practically incapable of enforcement. We need not discuss them here, as the board had no power to apportion any part of the costs to the relator.

The proceedings must be quashed. The parties seem to have acted in good faith, and no costs will be allowed.

The other Justices concurred.