BOARD OF SUPERVISORS OF IONIA COUNTY *v.* IONIA CIRCUIT JUDGE.

1. TOWNSHIP BRIDGES—TAXATION—CONSTITUTIONAL LIMITATIONS.
    Act No. 62, Pub. Acts 1889 (2 Comp. Laws, §§ 4051–4056), authorizing boards of supervisors to provide for the construction of bridges on the boundary between townships, and apportion the expense to the townships, is not in conflict with article 10, § 9, of the Constitution, limiting the power of the board to borrow or raise by tax in any one year to $1,000, unless authorized by a majority vote of the electors of the county.

2. SAME—STATUTES.
    2 Comp. Laws, § 4131, limiting the power of townships to raise by taxation for building bridges wholly within the township to $2,000 in one year, unless authorized by a vote of the electors, does not restrict the power conferred upon the board of supervisors by Act No. 62, Pub. Acts 1889, to authorize the construction of a bridge on the boundary between townships.

3. SAME—PETITIONS—BOARDS OF SUPERVISORS.
    The refusal of a board of supervisors at its October session to authorize the construction of a town-line bridge does not prevent the board at its January session from authorizing its construction in pursuance of a new petition.

*Mandamus* by the board of supervisors of Ionia county to compel Frank D. M. Davis, circuit judge of said county, to dissolve an injunction. Submitted May 12, 1903. (Calendar No. 19,899.) Writ granted September 22, 1903.

*William K. Clute,* Prosecuting Attorney, and *R. A. & W. E. Hawley,* for relator.

*Chaddock & Scully,* for respondent.

MONTGOMERY, J.   At the January session of the board of supervisors, a petition was presented by the township of Portland, asking to have a bridge constructed across Grand river, which should be partly in the township of Portland and partly in the township of Danby, and that the expense of constructing the same should be apportioned between the two townships.   This action was taken under Act No. 62, Pub. Acts 1889 (2 Comp. Laws, §§ 4051–4056). The prayer of the petition was granted, and an apportionment made, when a bill was filed by Danby township to restrain the construction of the bridge, on the ground that the board of supervisors had exceeded its authority.   No question appears to have been raised as to the regularity of the proceedings, if the statute in question is to be sustained as constitutional, and not held to be restricted by the provisions of the general statute limiting the amount of indebtedness which counties and townships may incur in any one year for the construction of highways and bridges.

The statute has been before the court in three different cases.   *Township Board of Ecorse* v. *Board of Sup'rs of Wayne County,* 75 Mich. 264 (42 N. W. 831); *Osborne* v. *Lindow,* 78 Mich. 606 (44 N. W. 414); *Township of Frenchtown* v. *Board of Sup'rs of Monroe County,* 89 Mich. 204 (50 N. W. 757).   In none of these cases is the constitutionality of the act determined, although the act has been held not to cover a drawbridge, and some doubt has been cast upon the validity of the act.   The present case would seem to render it necessary for us to determine definitely the question of the constitutionality of this act.

The constitutional provision (article 10, § 9) reads as follows:

"The board of supervisors of any county may borrow or raise by tax one thousand dollars for constructing or repairing public buildings, highways, or bridges; but no

greater sum shall be borrowed or raised by tax for such purpose in any one year, unless authorized by a majority of the electors of such county voting thereon."

The general statute fixing the powers of boards of supervisors (1 Comp. Laws, § 2484, subd. 7) is as follows:

"To borrow or raise by tax upon such county any sums of money necessary for any of the purposes mentioned in this act: *Provided,* that no greater sum than one thousand dollars shall be borrowed or raised by tax in any one year for the purpose of constructing or repairing public buildings, highways, or bridges, unless authorized by a majority of the electors of such county voting therefor as hereinafter provided."

It will be seen that this simply follows the provisions of the Constitution. The question, then, is whether this limitation of power excludes the right of the legislature to provide for the construction of a bridge across the stream forming the boundary of the two townships, and to repose the duty of determining the relative proportion of cost to be borne by the different townships in the board of supervisors.

That, in the absence of constitutional restrictions, such a power exists in the legislature, we think is fully settled by the adjudicated cases. *Brayton* v. *City of Fall River,* 124 Mass. 95; *Guilder* v. *Town of Otsego,* 20 Minn. 74; *Guilder* v. *Town of Dayton,* 22 Minn. 366; *City of Haverhill* v. *Inhabitants of Groveland,* 152 Mass. 510 (25 N. E. 976); *Town of Underhill* v. *Town of Essex,* 64 Vt. 28 (23 Atl. 617); *State, ex rel. Bulkeley,* v. *Williams,* 68 Conn. 131 (35 Atl. 24, 421, 48 L. R. A. 465); *Town of Kirkwood* v. *Newbury,* 122 N. Y. 571 (26 N. E. 10); *People, ex rel. Root,* v. *Board of Sup'rs of Steuben County,* 146 N. Y. 107 (40 N. E. 738); Cooley, Tax'n (2d Ed.), 682 *et seq.* The question is thus presented whether the restrictions of the Constitution above quoted apply to such a power as is here delegated to the board of supervisors. We think it very clear that they do not. The restriction is as to borrowing or raising by tax

not to exceed the sum of $1,000, unless authorized by a majority of the electors of the county. It is manifest that in determining the amount of investment necessary for the construction of a bridge between two townships, and the proportion which each shall bear, the electors of other portions of the county have no possible concern or interest. It would seem to follow, therefore, that this restriction upon the power of the board is a restriction placed upon the power of the board in undertakings which affect the entire county.

It is suggested that it would be remarkable if the framers of the Constitution intended to restrict the entire county to an expenditure of $1,000, and should leave in the hands of the legislature the authority to impose upon two townships a much larger burden. But the answer to this is that burdens of this character are generally imposed upon the locality peculiarly benefited, and not upon the county at large. The framers of the Constitution may well be said to have had in mind that the county would and should undertake such improvements only in rare cases, and that the burden should be left to rest where it belongs,—upon the locality peculiarly benefited. The same reasoning which leads to this conclusion as to the constitutional provision of course applies with greater force to the restrictions of the general statute above quoted.

Reference is made by respondent's counsel to the case of *Township of Ada* v. *Kent Circuit Judge*, 114 Mich. 77 (72 N. W. 35). This case construed a special act of the legislature. Under the authority of this act, the legislature assumed to impose upon the county a burden of $5,000, one-half to be raised in each of two years. This was in direct violation of the above-quoted provision of the Constitution, which limits the right to impose upon the county a tax of more than $1,000, without a vote of a majority of the electors of the county voting thereon. It was said in that case:

"What the supervisors are prohibited by the Constitution from doing, the legislature does not possess the power

either to do itself, or to compel the boards of supervisors to do."

It is also urged that section 4131 of the Compiled Laws provides that, where it is necessary to raise a sum in excess of $2,000 for building or repairing any bridge in a township, the question shall be submitted to a vote of the electors of the township, and that this constitutes a restriction upon the power conferred upon the board of supervisors by Act No. 62, Pub. Acts 1889. But this cannot be so, for the reason that section 4131 relates to bridges wholly within the township, while Act No. 62 relates to bridges partly within two townships, and in its very nature was calculated to provide for the construction of a bridge when one, at least, of the townships refuses to cooperate with the adjoining township in its construction.

A similar petition was presented at the October session of the board, and refused. A new petition was presented at an adjourned meeting in January, and it is claimed that, as the former had not been reconsidered, the subsequent proceeding was illegal. We think this objection is without force, as the proceeding instituted was essentially a new proceeding, based upon a new petition.

We think the writ of injunction should not have been allowed, and the application for *mandamus* will be granted. As the case involves a public question, no costs will be awarded to either party.

The other Justices concurred.