HORNER v. BOARD OF SUPERVISORS OF IONIA COUNTY.

1. BRIDGES—ESTABLISHMENT — ADJOINING TOWNSHIPS—BOARD OF SUPERVISORS—MAJORITY VOTE.

Under Act No. 306, Pub. Acts 1905, a majority of the board of supervisors is sufficient to carry a resolution ordering a bridge built between adjoining townships, the act being complete in itself, and nowhere requiring a two-thirds vote, as required by sections 2484 and 2485, 1 Comp. Laws.

2. SAME—STATUTE—CONSTITUTIONALITY.

It was competent for the legislature to pass Act No. 306, Pub. Acts 1905, providing for the building of bridges between townships without submitting the question to the electors.

Certiorari to Ionia; Davis, J. Submitted January 8, 1907. (Calendar No. 21,836.) Decided March 26, 1907.

Mandamus by Hozial Horner, supervisor of the township of Portland, to compel the board of supervisors of Ionia county and Isaiah Long, chairman of said board, to declare a resolution passed by a majority vote to be carried. There was an order granting the writ, and respondent brings certiorari. Affirmed.

R. A. & W. E. Hawley, for relator.

A. A. Ellis, for respondents.

MOORE, J. An examination of the opinion in Board of Sup'rs of Ionia Co. v. Ionia Circuit Judge, 134 Mich. 412, will aid in understanding this proceeding, which is to review the action of the circuit judge in granting a writ of mandamus directing said board of supervisors to convene, and to declare a certain resolution which will be referred to later carried.

The bridge mentioned in the above opinion was built in 1904 and was carried away by a freshet in the spring of

1905. Pursuant to notice duly served, the highway commissioners and the township boards of the townships of Danby and Portland met on June 12, 1905, at the site of the bridge. They conferred about rebuilding the bridge. The township board and the highway commissioner of Danby refused to have anything to do with rebuilding or replacing the bridge. A petition in the form of a resolution was adopted by the township of Portland, petitioning and requesting the board of supervisors to order the rebuilding of the bridge. This petition was presented to the board at its January session, A. D. 1906. A resolution was offered directing the bridge to be rebuilt, and that 60 per cent. of the expense be apportioned to Portland and 40 per cent. to Danby. Twelve supervisors voted for the resolution and 11 against it. The chairman of the board was of the opinion that it required a two-thirds vote to pass the resolution, and declared the resolution lost. The circuit judge was of the opinion that, a majority of the supervisors having voted for the resolution, it was carried, and so ordered.

On the part of Danby it is claimed that section 2484, 1 Comp. Laws, as amended by Act No. 98, Pub. Acts 1905, and section 2485, 1 Comp. Laws, control, and that the chairman was right in his ruling.

On the part of Portland it is contended that the provisions of the later act, being Act No. 306, Pub. Acts 1905, control, and that the circuit judge was right in his conclusion. The last-named act repealed Act No. 62, Pub. Acts 1889, which act was construed in *Board of Sup'rs of Ionia Co.* v. *Ionia Circuit Judge*, 134 Mich. 412, and took the place of said act. It was a complete act in and of itself. It nowhere requires the determination of the board in carrying into effect its provisons to be decided by a two-thirds vote, and we think it should not be so held. See section 2476, 1 Comp. Laws; *Thomas* v. *Kent Circuit Judge*, 116 Mich. 106.

It is urged that, as the question has not been submitted to the voters of the two townships, there is nothing to

show upon the part of the one township a desire to have the bridge rebuilt, or a failure upon request, upon the other township, to have the bridge rebuilt, and therefore the petition was unauthorized. We think that what was done was a substantial compliance with the provisions of Act No. 306, Pub. Acts 1905.

We also think it was decided in *Board of Sup'rs of Ionia Co.* v. *Ionia Circuit Judge*, 134 Mich. 412, that the action of the legislature was not in contravention of the Constitution.

The action of the circuit judge is affirmed, and the writ of mandamus will issue.

MCALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.