## Menzo Pope v. Julia R. Cutler.

*Deeds: Registry: Certificate: Seal.* A seal is essential to a certificate of authentication of due execution of a deed executed in another state to entitle the deed to be recorded under the statute of 1840.

*Cases distinguished.* This case and *Starkweather v. Martin, 28 Mich., 471,* are held to be distinguishable.

*Probate courts: Wills probated abroad: Foreign probate: Jurisdiction.* In order to entitle wills probated abroad to be admitted to probate here, the copy of the will presented must be accompanied by the foreign probate and due authentication thereof, and these together constitute the one instrument or subject matter to be acted upon under the statute, and all are essential to authorize the probate court to exercise the jurisdiction.

*Heard April 19.    Decided June 6.*

Error to Lenawee Circuit.

*A. L. Millard,* for plaintiff in error.

*Howell & Watts,* for defendant in error.

GRAVES, J :

The defendant in error brought ejectment and recovered, and the plaintiff in error objects to rulings at the trial. To support her claim the defendant in error was allowed to give in evidence the record of a conveyance made in the fall of 1840 from Robert Van Rensselaer to Josiah R. Stuyvesant, the proceedings in an attachment suit against one Oliver Vanderbilt, and a judicial sale based thereon, and also the will of Frederick W. Walker containing a devise to her of the premises.

Several exceptions were taken to the attachment proceedings, but we are not satisfied that either of them can be supported. We shall not stop to discuss them. The record of the deed to Stuyvesant was objected to for several reasons, but the main one was, that the deed purported to have been executed and acknowledged in New Jersey, and it did not appear that there was any sealed certificate by a clerk to authenticate the due execution of the deed and accredit it as one executed according to the laws of New Jersey.—§ *2 of Act 108, S. L. 1840, p. 166.* This objection was well taken. There was no evidence that the certificate of record ever bore an official seal. The law expressly required it, and in the absence of it the certificate was not entitled to recognition. The seal was necessary to verify the act as an official proceeding and meet the requirement of our law. The want of it left the paper without the indispensable attestive symbol, and as a consequence the deed was not fit for record, and the entry of it by the register was not lawful evidence in the case.

The case of *Starkweather v. Martin, 28 Mich., 471,* is cited as authority for the ruling below. That case has no application. There the record contained no specific mark by the register to indicate that the deed itself was sealed by the grantor. The question related to private sealing, and there were many facts tending to show, and taken together amounting to proof, as we thought, that the original deed

was sealed. It was considered an important circumstance that the law was exceedingly vague and tolerant in regard to the mode of private sealing. Finding the proof satisfactory that the original deed must have borne some kind of a device designed as a private seal, we were of opinion that the omission of the register to indicate it by some sign of his own, if in fact there was such an omission when he made his record, was a clerical fault merely, and not sufficient to impair the force of the record. Here the question concerns an official sealing, and there is not only a lack of proof, but the point will not admit of the same considerations. In substance the point is ruled by *Buell v. Irwin,* *24 Mich., 145.*

The testamentary proof which was admitted for the purpose of showing that the premises had been devised by Frederick W. Walker to the defendant in error, was not the original will. It purported to be evidence of a copy which had been made in New Jersey and afterwards admitted to probate in Lenawee county in this state under § *4343 C. L., ch. 154,* and there was included the evidence of the probate in that county. But there was no evidence that the paper allowed in Lenawee county was accompanied by any foreign probate or foreign authentication to accredit it for probate here. By § *4341* of the same chapter it is enacted that no will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the probate court, as provided in the same chapter, or on appeal in the circuit court or supreme court. Then follows provisions for the allowance here of wills proved and allowed abroad, and they make it a prerequisite that the paper to be acted on as a foreign will shall comprise not only a copy of the testamentary instrument as left by the testator, but also the foreign probate and due authentication. The law contemplates all these as forming together the one instrument or subject matter to be acted on, and all are made essential to call the probate court into action and authorize it to exercise jurisdiction. The submission to it

of a paper purporting to be the copy of a foreign will, but without foreign probate or lawful authentication, can have no effect to put its power in motion. The law supposes the presentation of something in the nature of an exemplified record, and the probate and authentication are considered as inseparably belonging to it, and without them the subject matter has no legal shape to answer the requirements of the proceeding. Whether the court of probate had before it these indispensable matters when it assumed to act, we do not know. If it had, they were part of the subject matter and should have appeared with the rest. But as before stated they did not so appear, and upon the face of the proof it would seem there was no jurisdiction in the probate court to order the paper to be allowed as a will. This evidence, therefore, was improperly admitted.

The result is, the judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.