WASHINGTON H. BRINGHURST v. THE GRAND RAPIDS &
                INDIANA RAILROAD COMPANY.

*Ejectment—Undivided interest—Judgment.*

1. The record in actions of ejectment is much more important
   under our statute than it was at common law, where eject-
   ment was merely a possessory action. Under the statute it is
   used to determine *title* as well as possession, and the statutory
   requirements should be observed.

2. The verdict in ejectment must follow the declaration as to the
   description of the premises, and the extent and quality of the
   estate claimed.    How. Stat. §§ 7795–7797, 7815, 7821; *Reilly v.
   Blaser,* 61 Mich. 399.

3. Where a plaintiff establishes his title to only an undivided one-
   half of the land described in his declaration, and the defend-
   ant is in peaceable possession, and is not an intruder, judgment
   should be rendered accordingly, and the declaration may be
   amended to correspond with the right established at the trial.
   *Hinman v. Booth,* 21 Wend. 267.

Error to Emmet.    (Ramsdell, J.)    Argued November
6, 1889.    Decided December 28, 1889.

Ejectment.    Defendant brings error.    Reversed.    The
facts are stated in the opinion.

*T. J. O'Brien* and *J. H. Campbell,* for appellant.

*Earle & Hyde,* for plaintiff, contended:

1. The question raised by defendant is, can a plaintiff in ejectment
   recover against a defendant who is in possession without any
   right or title,—a mere intruder, a trespasser,—when the plaint-
   iff is the owner of but an undivided one-half of the premises?
   We say that plaintiff is entitled to recover the whole descrip-
   tion, although he failed to prove title to but an undivided one-
   half; citing *Lair v. Hunsicker,* 28 Penn. St. 115; *Johnston v.
   Jackson,* 70 Id. 164; *Campbell v. Fletcher,* 37 Md. 430; *Perry v.
   Whipple,* 38 Vt. 278; *Bryan v. Wear,* 4 Mo. 106; *Hunter v.
   Starin,* 26 Hun, 529; *Bradshaw v. Emory,* 65 Ala. 208.

2. Even where no legal title is shown by either party, the one showing the prior possession in himself or those through whom he claims will be held to have the better right. Such prior possession is a sufficient title to enable a party to recover against an intruder, and even against one whose claim of title is founded on a later possession; citing *Hunter v. Starin*, 26 Hun, 529; *Whitney v. Wright*, 15 Wend. 171; Tyler, Eject. 72.

3. In ejectment plaintiff can recover the entire premises on an undivided interest; citing *Covert v. Morrison*, 49 Mich. 133; *Hardy v. Johnson*, 1 Wall. 371; *Collier v. Corbett*, 15 Cal. 183; *Treat v. Reilly*, 35 Id. 129; *Yancey v. Greenlee*, 90 N. C. 317; *Weese v. Barker*, 7 Col. 178; *Alford v. Dewin*, 1 Nev. 207.

4. But we say plaintiff proved title to the entire of said premises, and that the court erred in excluding the record of the deed of the other undivided half of the land because only attested by one witness. This fact did not render the deed void; it was as effectual to convey all the interest of the grantor as if attested by two witnesses; citing *Dougherty v. Randall*, 3 Mich. 581, 585; *King v. Carpenter*, 37 Id. 363, 369; *Price v. Haynes*, Id. 487.

5. While, under the decisions in this State prior to the curative act of 1861 (How. Stat. pp. 1488, 1489), the record of such a deed is held not admissible in evidence, such record under How. Stat. § 5727, was legal notice and evidence of the transfer of said undivided one-half interest, and should have been admitted as evidence of that fact; citing *Brown v. McCormick*, 28 Mich. 215, 220.

CHAMPLIN, J. The plaintiff brought ejectment, claiming title in fee to the parcel of land described in his declaration. He did not show actual possession or occupancy, but depended entirely upon paper title, which he showed beyond question to an undivided half of the premises. He failed to prove title to the other undivided half.

The land in dispute is in the possession and occupation of defendant as a track for railroad purposes. Prior to 1881, the Bay View, Little Traverse & Mackinac Railroad Company constructed its road upon and over the land in question, and had actual possession thereof. While so in possession, it executed a mortgage to William R. Shelby.

This was foreclosed, and the Grand Rapids & Indiana Railroad Company became the purchaser, and succeeded to the possession of the premises in 1882 or 1883, and has ever since operated a railroad over the same. Plaintiff obtained his deed in 1885.

It does not appear that before the entry of the Bay View, Little Traverse & Mackinac Railroad Company the premises were in the actual possession of any one. The defendant, succeeding to that possession under a claim of right, and holding it in peaceable possession for such length of time, cannot be regarded as a mere intruder. Neither can it be said that this suit is brought to determine the right of possession merely. It is brought to determine title, and the plaintiff having failed to establish his title to the whole premises, and succeeded only as to an undivided half, he was not entitled to a verdict and judgment for the whole.[1] In this respect there was error in the charge of the court and the verdict of the jury. The court should have directed a verdict for an undivided share, as provided for by section 7815, subd. 6, How. Stat. Had he done so, the declaration might have been amended to correspond with the right established at the trial. *Hinman v. Booth*, 21 Wend. 267.

We adhere to what was said in *Reilly v. Blaser*, 61 Mich. 399 (28 N. W. Rep. 151). The record in actions of ejectment is much more important under our statute than it was at common law, where it was merely a possessory action, and did not determine the title to the land. Under the statute, it is used to determine title as well as possession, and the statutory requirements should be observed. The verdict must follow the declaration as to the description of the premises, and the extent and

---

[1] The failure to prove a complete title was due to the rejection of the record of a deed offered in evidence by plaintiff, on which he based an undivided half of his title, with but a single attesting witness.

quality of the estate claimed. How. Stat. §§ 7795–7797, 7815. The necessity for this is obvious, when the effect of a judgment in ejectment is considered. Id. § 7821.

The judgment must be reversed, and a new trial had.

The other Justices concurred.