JAMES HOBAN v. JAMES F. CABLE.

*Deed—Record—Evidence — Description of premises —Adverse possession—Ejectment—Pleading—Amendment of declaration.*

1. The record of a deed purporting to have been executed and acknowledged in another state, and to have had attached thereto the certificate of the clerk of the proper county, under his hand and the seal of said county, certifying to the official character of the acknowledging officer, the genuineness of his signature, and the execution and acknowledgment of the instrument according to the laws of said state, but which record fails to show that any *seal* was attached to said certificate, is inadmissible in evidence; citing *Pope v. Cutler*, 34 Mich. 150.

2. Where a plaintiff in ejectment establishes a *prima facie* title through conveyances from parties claiming under a deed executed by the apparent owner of the land, who had been in possession for many years, and the title thus established is disputed in no way unless the defendant has acquired a title by adverse possession, the erroneous admission in evidence of the record of a deed purporting to have been executed to said apparent owner is error without prejudice.

3. A deed by which the grantor intended to convey the northerly 60 feet of a lot fronting on "Market street," so called, and having a depth of 158.96 feet north-westerly from said street, described the 60 feet as "beginning on Market street, between the lot hereby intended to be conveyed" and a lot northerly therefrom; thence north, 62 degrees and 15 minutes west, 158.96 feet; thence south, 31 degrees west, 60 feet; thence south, 62 degrees and 15 minutes *west*, 158.96 feet, to Market street; thence along said street north, 27 degrees and 55 minutes east, to the place of beginning. And it is held that by excluding the course of the third boundary line as given, and extending said line in the most direct course to Market street, a line is secured not only answering to the other terms of the description, but one which, with its extension, incloses something, which is, by the terms of the deed, "a lot intended to be conveyed," and which, to answer the terms of the portion of the description relating to the starting point, must lie next to the adjoining lot referred to; that, to make this clearer, the deed states that from the terminus of said third boundary line the boundary shall extend along Market street to the place of beginning; that the intent of the grantor is clear, and the deed is not a nullity for want of a sufficient description.

4. A defendant in ejectment interposed the defense of adverse possession. In order to meet this, the plaintiff was allowed to prove by the grandfather of certain minor heirs who inherited the land, and through whom plaintiff claimed title, that the defendant's possession of the land was under an agreement made by him with the witness, who assumed to act for the minors, that defendant might occupy said land in consideration of his paying the taxes thereon. The testimony was objected to for want of proof of the authority of the grandfather to act for the minors. And it is held that, if the defendant in fact entered into the possession of the land under the agreement testified to, he did not enter in hostility to the minor heirs, and that for the purpose of establishing such fact the testimony was admissible.

5. Where, in his original declaration, a plaintiff in ejectment claims title to the entire premises described therein, and on

the trial the proofs disclose that as to a portion of the land he owns only an undivided interest, it is not error to permit an amendment of the declaration in conformity with said proofs.[1]

Error to Mackinac. (Pailthorp, J.)     Argued June 26, 1894. Decided September 27, 1894.

Ejectment. Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*Mark Norris,* for appellant.

*Charles R. Brown & Son,* for plaintiff.

MONTGOMERY, J. This is an action of ejectment. The trial was had before a jury, and a verdict rendered for the plaintiff. The defendant brings error. The assignments

---

[1] CLAIM TO LAND BY PLAINTIFF IN EJECTMENT.

For cases involving the questions of the averment by a plaintiff in ejectment of the extent of his claim to the land, and the amendment of the declaration in that regard, see:

*Averment of Extent of Claim.*

*Goodall v. Henkel,* 60 Mich. 382, holding that a declaration in ejectment which fails to aver the nature and extent of plaintiff's claim to the land in dispute, as provided by How. Stat. § 7797, is fatally defective; and, while the objection should be raised by demurrer, the error is such as to demand an affirmance of a judgment rendered in favor of the defendant on other grounds.

*Amendment of Declaration.*

1. *Bringhurst v. Railroad Co.,* 78 Mich. 570, holding that where a plaintiff in ejectment establishes his title to only an undivided one-half of the land described and claimed in his declaration, and the defendant is in peaceable possession, and is not an intruder, judgment should be rendered accordingly, and the declaration may be amended to correspond with the right established at the trial.

2. *Ludeman v. Hirth,* 96 Mich. 17, holding that it is error to refuse to allow a plaintiff in ejectment to amend his declaration, after issue is joined on the merits, by setting forth the estate which he claims in the land.

of error are numerous, but have been carefully grouped by the appellant's counsel, so that the questions may be dealt with under a few heads. The diagram on the following page will furnish an aid to an understanding of the points involved.

The record contains the substance of all the testimony, from which it appears that plaintiff derived title from the heirs of Laurie McLeod, to whom a conveyance was made by Eliza R. McLeod in 1862, Eliza R. McLeod being then in possession, and the apparent owner. The defendant claims title by adverse possession, and also claims that by a subsequent conveyance to him by Eliza R. McLeod of lot No. 293 the title passed to him, and in this connection contends that the deed to Laurie McLeod contained no sufficient description of any property, and that the record of the deed was, therefore, no notice to him of any right in Laurie McLeod.

1. In the course of the trial the plaintiff introduced a purported record of a deed from one Charles C. Grove and wife to Eliza McLeod. The record of this deed was objected to on the ground that, although the deed purported to have been executed in New York, there was no seal attached to the certificate of the clerk of the court. The objection was a valid one, under the decision of this Court in *Pope v. Cutler,* 34 Mich. 150. But the error was not prejudicial. If the deeds in plaintiff's chain of title contained a sufficient description, he showed conveyances from one in possession for many years, and this was sufficient to establish a *prima facie* title, which is disputed in no way unless the defendant has acquired a title by adverse possession. *Gamble v. Horr,* 40 Mich. 561; *Bennett v. Horr,* 47 Id. 221; *VanDenBrooks v. Correon,* 48 Id. 283; *Covert v. Morrison,* 49 Id. 133; *Cook v. Bertram,* 86 Id. 356.

102 MICH.—14.

JUNE TERM 1894.

210

MILITARY RESERVATION, OR GOVERNMENT PASTURE.

Davenport Lot
(now property of
Patrick Durkin.)

Hoban's
Lot.
60 ft.

b

c

d

a

158 96-100 ft.

261 4-10 ft.    N. 27 deg. 55 min. E.

Cable Lot,
Lot No. 293.

e

f

173 78-100 ft.

Alex Laframbois
Lot
or Jail Lot.

MARKET STREET.

CROSS STREET.

MAIN STREET.

2. As the deed to Laurie McLeod was first recorded, and as defendant claims it in fact read when executed, the description of the land was as follows:

"Beginning on Market street, between the lot hereby intended to be conveyed and a lot confirmed by the government of the United States to Ambrose R. Davenport; thence north, 62 degrees 15 minutes west, 158.96 feet; thence south, 31 degrees west, 60 feet; thence south, 62 degrees 15 minutes west, 158.96 feet, to Market street; thence along said street north, 27 degrees 55 minutes east, to the place of beginning."

Was this a sufficient description, or must the deed be treated as a nullity? The starting point is definite. The first line, to point b, is also certain, as is the line between points b and c. But, if the direction of the next line is followed as given in the instrument, the terminus is at e, and the line named in the succeeding portion of the description would end at f. But the course given after reaching point c is not the only means of identification adopted. That line is described as terminating at Market street. If we exclude the words indicative of the direction of the line, and carry the line in the most direct course to Market street, we have not only a line answering to the other terms of the deed, but one which, with its extension, incloses something, which is, by the terms of the deed, "a lot intended to be conveyed," and which, to answer the terms of the portion of the description relating to the starting point, must lie next to "a lot confirmed by the government of the United States to Ambrose R. Davenport." To make this clearer, the deed contains the statement that from the terminus of the third line named in the description the boundary shall extend along Market street to the place of beginning. We think the intent of the grantor is clear, and that the deed is not a nullity for want of a sufficient description. See *Anderson v. Baugh-*

*man,* 7 Mich. 69; *Cooper v. Bigly,* 13 Id. 463; *Dwight v. Tyler,* 49 Id. 614.

A number of defendant's points depend upon this, and it becomes unnecessary to treat in detail some of his assignments of error. The deed being valid to convey the land, the record was notice to subsequent purchasers.

3. One of the conveyances under which plaintiff claims contained a description as follows:

"A lot 60 feet wide on Market street and 128.90 feet deep, being the north end of lot 293 in the village of Mackinac."

This is claimed to be insufficient, but we think there is no mistaking the land intended to be conveyed.

4. As above stated, the defendant interposed the defense of adverse possession. In order to meet this, plaintiff was allowed to prove by one Ronald McLeod, in whose family one of the minor heirs of Laurie McLeod lived, that the defendant occupied the premises under an agreement made by him with said Ronald McLeod as an assumed representative of the minors, to the effect that defendant might occupy the land in question in consideration of his paying the taxes thereon. Complaint is made of this on the ground that Ronald McLeod was not shown to have had authority to act for the minors. But we think this fact immaterial. If the defendant in fact entered into the possession of the lands under such an arrangement as is claimed, he did not enter in hostility to the minor heirs, and for this purpose the testimony was admissible.

In the same connection it is urged that the agreement in question only covered the fenced portion of the premises, which was something less than the whole, another portion being used for a driveway. But while it is true that certain portions of the testimony might bear this construction, we think there is no mistaking the tenor of the

agreement, or that it related to the land deeded to Laurie McLeod. The defendant's denial did not relate to the question of quantity, but was absolute. His claim was that he had no notice of the conveyance to Laurie McLeod, and occupied the whole of the land in question in hostility to plaintiff's grantors, while plaintiff's theory was that he had notice of this adverse right, and occupied in subordination to their title. The two theories were fairly submitted to the jury.

5. The court permitted an amendment of the declaration on the trial, narrowing the plaintiff's claim.[1] This could not have prejudiced the defendant, and was proper. *Bringhurst v. Railroad Co.*, 78 Mich. 570, 572.

We think no error to the prejudice of defendant was committed.

The judgment will be affirmed, with costs, and the case remanded.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.

---

[1] In the original declaration, plaintiff claimed title in fee to the entire premises described in the deed to Laurie McLeod. This description covered the northerly 60 feet of lot 293 (see diagram). The proof disclosed that the plaintiff was entitled to the entire of the easterly 128.90 feet of the description, and to an undivided two-thirds interest in the remainder, and an amendment of the declaration so as to conform to the proofs in this regard was allowed.