RETAN v. SHERWOOD.[1]

1. EJECTMENT—ENFORCEMENT OF EQUITIES.
    Equities existing in favor of plaintiff in ejectment against a co-tenant, who quitclaimed to defendant, cannot be enforced in such suit.

2. SAME—INTEREST CLAIMED—AMENDMENT OF DECLARATION.
    It was error to refuse to permit plaintiff in ejectment to amend her declaration, alleging title in fee, to conform with proofs showing clearly that her ownership was of an undivided interest.

Error to Ionia; Davis, J. Submitted May 10, 1899. Decided June 28, 1899.

[1] Rehearing denied September 27, 1899.

Ejectment by Melissa Retan against Ann E. Sherwood, Emma H. Sherwood, and James Steel. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

*Edwin H. Lyon* ( *Frank C. Miller*, of counsel), for appellant.

*A. A. Ellis*, for appellees.

HOOKER, J. Lorenzo W. Chubb owned the 56 acres of land that is the subject of this controversy, and the record title stood in his name until his death, which occurred in 1887. Ann E. Sherwood was Chubb's sister, and upon the trial she testified that her husband and herself lived on the premises for many years, having taken possession of them under a contract of purchase from Chubb, and that after her husband's death, in 1895, she continued to occupy the premises; her daughter, also a defendant, living with her. The other defendant was her tenant. She stated that her husband had no deed, and, although counsel for the plaintiff state in their brief that "there was testimony tending to show that the title actually stood in Sherwood," they fail to point it out, and we have not discovered it. A contract dated September 20, 1875, was produced, whereby Sherwood agreed to purchase and Chubb to sell the premises for $3,081, and a note and mortgage upon the premises, given by Sherwood to Chubb for the purchase money, $2,710.50, dated November 20, 1879, was offered in evidence. It contained the following: ʻ "This mortgage is intended to apply same as a contract for same land of date Sept. 24, '75, between these parties." Chubb left a widow, Effaline, a son, Ira, and a daughter, Melissa, the plaintiff. He died intestate, and one Woodworth was appointed administrator. The inventory of the estate included the mortgage, and did not include this land. On a final accounting the son and daughter were declared to be the heirs, and they took the

real estate subject to dower, and the personal property was assigned to them and the widow. In the adjustment the administrator assigned the mortgage referred to to the widow by assignment dated February 25, 1888, and in 1890 she assigned it to the plaintiff, who foreclosed it by advertisement, and bid in the premises for $4,000 on July 6, 1895. It is claimed that proper demand for possession was made, and this action of ejectment was brought to recover the land, the whole of which plaintiff claimed to own in fee. Ann E. Sherwood claimed that she went into possession, with her husband, under the contract, and never asserted any other title, except under a quitclaim deed of an undivided half interest made to her by Ira Chubb, the son, on August 18, 1894, for a nominal consideration. The court held that the plaintiff could not recover the entire premises, refused leave to amend the declaration, and directed a verdict for all of the defendants.

Counsel for the defendants admitted that the plaintiff owned one-half of the premises, and contended that possession of that was never refused. The refusal to permit an amendment was made upon the statement by the court that the evidence did not show that the defendants had ever denied the plaintiff's title to an undivided half of the land. The questions, then, are: Was the court right in saying, *first*, that the plaintiff owned only the undivided half of the premises? and, *second*, that the evidence did not show an ouster by her co-tenant?

At Chubb's death the legal title was in him, and descended to his son and daughter, subject to the dower right of Effaline Chubb, and subject also to Sherwood's rights under the contract. That title now stands one-half in the plaintiff, and the other half in the defendant Ann Sherwood under the deed from Ira Chubb. The interest that Mrs. Sherwood obtained by the quitclaim deed was only the interest that Ira Chubb had (*Beakley* v. *Robert, ante,* 209), and she took it charged with any equities that existed against Ira Chubb in favor of his sister, the plaintiff, arising out of the assignment of the mortgage.

But, if there are any such equities, they cannot be en-forced in an ejectment case, and therefore the plaintiff could not recover more than an undivided half of the premises. The evidence clearly shows that she is entitled to one-half, and we think that there was evidence of a denial of this right upon which a jury might have found an ouster by Mrs. Sherwood. *Whiteley* v. *Whiteley*, 110 Mich. 556; *Carpenter* v. *Carpenter*, 119 Mich. 167. This should reverse the case, unless the judge was right in say-ing that an undivided one-half could not be recovered under this declaration, which claimed the entire fee, and in refusing an amendment. But we think he erred in this. *Bringhurst* v. *Railroad Co.*, 78 Mich. 570; *Hoban* v. *Cable*, 102 Mich. 206. We discover no testimony that shows that defendant Emma H. Sherwood is claiming title; but, like the tenant, she resides upon the premises, and apparently claims the right to do so.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.