JAMES W. MORRISON v. DAVID C. CASEY.

DEEDS. *Description. False recital. County of location. Tax collector. Power.*

A deed to an eighty-acre tract of land, accurately described by governmental survey description, executed by the owner, will convey the whole tract, although it be recited in the conveyance to be situated in a designated county when only a part thereof is so situated; but a tax collector's deed under such circumstances does not convey lands without his county.

FROM the chancery court of Sharkey county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Casey, appellee, was complainant, and Morrison, appellant, was defendant in the court below. From a decree overruling a demurrer to complainant's bill defendant appealed to the supreme court.

The suit was to cancel certain deeds as clouds upon the title of complainant to seven acres of land in Sharkey county, being that part of an eighty-acre tract (the west half of the southeast quarter of sec. 8, Town. 12, Range 7 west) lying and being in Sharkey county. Indian Bayou, a stream, separates Sharkey from Issaquena county, and all of the eighty-acre tract, except the seven acres sued for, is situated in the last-named county. The complainant pleaded several different deeds and claimed under two sources of title, one originating in a tax collector's conveyance, made by the tax collector of Issaquena county, which purported to convey the entire eighty-acre tract, although seven acres thereof were not in his county. The complainant's bill, however, did not stand upon the tax collector's deed alone, but set up another source of title, one of the deeds in which, the one from the liquidating levee commissioners, falsely recited that the entire eighty acres were situated in Issaquena county.

*Green & Green* and *McLaurin & Clements,* for appellant.

This case comes here on an appeal from a decree overruling a demurrer to the bill. It was error not to sustain the demurrer because the bill does not deraign title as required by Code 1892, § 501. *Long* v. *Stanley,* 79 Miss., 298.

The court judicially knows that Sharkey county was formed in 1876. The deed from Gwin & Hemmingway, commissioners, to Memphis & Vicksburg R. R. Co., in 1881, purports to convey the west one-half and west one-half of east one-half sec. 8, town. 12, range 7 west, containing 475.66 acres. This on its face shows that all of the land called for by the description—viz.: 480 acres, was not intended to be included. Turning, then, to the deed and interpreting it by its four corners or calls, *Dunbar* v. *Aldrich,* 79 Miss., 698, we find that in describing this fractional part of the west one-half of east one-half it is expressly described as "the following lands situated in Issaquena county." Manifestly, under this conveyance the purchaser only took a fractional part of the quarter, and the part that he took was expressly limited to that part situated in Issaquena county.

There is no ambiguity on the face of the deed. It did not purport to convey that fractional part of the quarter lying in Sharkey county.

This court held in *Ladnier* v. *Ladnier,* 75 Miss., 781, that the subdivisions by the government into sections and townships was irrespective of county lines, and hence, that the description of land by section, township, and range, omitting the county, would be good, if there was no other section, township, or range that would fit the description. But that rule could not have operation here, because the description confines the land conveyed to land "situated in Issaquena county," and the quarter section lies partly in Issaquena county and partly in Sharkey county. It is manifest that the deed only intended to convey and to be paid for 475.66 acres in Issaquena county. It

affirmatively appears on the face of the deed that the purchase did not purport to include the whole of the acreage in the quarter section, but only such part as was in Issaquena county.

These levee commissioners were officers of court in making this conveyance, and the court in making the deed cannot be presumed to have intended to have conveyed more land, and in a different county from that expressly defined in the deed.

To do so would do violence to two express terms of the deed —viz.: the amount of land conveyed, and the specific location of the land in Issaquena county.

The rule of construction is, ordinarily, that the acreage would not control the calls of the deed by sectional subdivisions, but when to the acreage is added that the land is situated in a particular place, Issaquena county, then the sectional subdivision, must yield to the specific location of the land in the particular county. *Potts* v. *Canton Warehouse Co.,* 70 Miss., 462; 4 Am. & Eng. Enc. Law (2d ed.), 770; *Newman* v. *Foster,* 3 How., Miss., 383.

The principal objects in the minds of the parties was the general description of the county in which the land was located. *O'Herrin* v. *Brooks,* 67 Miss., 266.

The description of the land as situated in Issaquena county, of necessity, makes the official map of Issaquena county a part of the description, whether referred to or not, 1 Jones Real. Prop. & Convey., sec. 424, and this map conclusively shows that the land in controversy when the deed was made was not in Issaquena county.

The deed must be interpreted as to description by the state of facts existing at the time it was executed. *Dunklee* v. *Wilson, R. R.,* 24 N. H., 489, and the official map existing at the date of the deed. *Penry* v. *Richards,* 52 Cal., 672.

The location and identity of the land must be ascertained from a consideration of the whole description. *Herrick* v. *Hopkins,* 23 Me., 217; *Bell* v. *Woodward,* 46 N. H., 315.

The quantity controls where the other parts of the description are not sufficiently certain in defining the parcel or land intended to be conveyed, and where there is a clear intention expressed in the deed to convey a certain quantity only. 4 Am. & Eng. Enc. Law (2d ed.), 791.

*Brown & Brown,* for appellee.

The sale of the land in October, 1881, to the Memphis & Vicksburg Railroad Company was made under decree of the chancery court of Hinds county in the case of *Joshua Green et al.* v. *Gibbs & Hemmingway,* to enforce the lien in favor of holders of bonds of the old levee board and 'passed a good title. *Green* v. *Gibbs & Hemingway,* 54 Miss., 592.

Under the act of the legislature of March 14, 1884, the auditor was required to release all claim of the state to the lands. This release was executed in pursuance to the act on September 30, 1884. Laws 1884, pp. 182, 183.

The commissioner's deed of October 3, 1881, conveying west one-half of east one-half sec. 8, T. 12, R. 7 W. (which includes the strip in controversy) conveyed the whole of the legal subdivision described as well the part in Sharkey as that in Issaquena. *Hanna* v. *Renfro,* 32 Miss., 125.

The sale for taxes by the sheriff of Issaquena county in March, 1896, was utterly void as to the strip in Sharkey county for want of power in the sheriff to sell for taxes lands not in his county. The title to the part of sec. 8, T. 12, R. 7 W. east of the bayou, the line between Sharkey and Issaquena, remained in the Southern Land & Investment Company unaffected by the sale, and that title was purchased by complainant Casey.

The deed under which Morrison claims was made under Code 1892, § 2578. The state acquired no title to the tract in controversy by the sale had by the sheriff of Issaquena county, and could convey none. The bill shows a perfect title in complainant Casey, and utter want of title in the defendant Morrison.

CALHOON, J., delivered the opinion of the court.

If complainant below had any title it came through the Southern Land & Investment Company, from which he purchased "to fortify," as he says in his bill. He fails in his effort to show title by adverse possession or from the Delta Trust Company, for it had none. The seven acres are in the west half of the southeast quarter, which did not belong to that company. The question is whether the deed of the levee commissioners conveyed the small fraction of seven acres, which was and is in Sharkey county, recited as in Issaquena county. If it did, it was by force of the maxim, *"Falsa demonstratio non nocet,"* but, if that is applied to their deed, does it also apply to that of the tax collector, under which Morrison claims? While the maxim is applicable to official conveyances to a certain extent, there is here a question of the power of the officer to sell. The tax collector was without power to sell land beyond the limits of his county. In the other case there was power to sell, and the mention of Issaquena county did not limit the operation of the deeds to land in that county, as would have been true had the description been "so much, or such part, etc., as is in Issaquena county." *Wilt* v. *Cutler,* 38 Mich., 189; *Beal* v. *Blair,* 33 Iowa, 318; *Ladnier* v. *Ladnier,* 75 Miss., 781, 23 South., 430.

*Affirmed and remanded, with sixty days to answer from date of filing the mandate below.*