ANTHONY MARTIN V. CATHERINE MARTIN ET AL.

FILED NOVEMBER 5, 1903.   No. 13,103.

1. Foreign Will: PROBATE: PRESUMPTION. The proof and allowance of a will in another state, where the testator had his domicile at the time of his death, if duly authenticated, will be presumed to be in accordance with the laws of that state.

2. Pleading and Proof. It is not necessary to specially allege the

foreign statute, or to expressly prove that the proof and allowance of the will was in accordance with such statute.

ERROR to the district court for Thayer county: GEORGE W. STUBBS, JUDGE. *Affirmed.*

*T. C. Marshall* and *M. H. Weiss,* for plaintiff in error.

*O. H. Scott* and *M. S. Gray, contra.*

HASTINGS, C.

The sole question in this case is as to the sufficiency of the showing of a probate of a will in Pennsylvania to warrant its admission to probate in this state under sections 144, 145 and 146, chapter 23, Compiled Statutes (Annotated Statutes, 5009, 5010, 5011). It is objected that the evidence failed to show that the will had ever been probated and allowed in Pennsylvania, at least, not by any officer or court known to our law, and there was no allegation or proof of any different law in Pennsylvania, and it is·objected that such record as there is conclusively shows a noncompliance with the requirements of the Nebraska statutes. It appears that the testator died on March 11, 1886, and that letters testamentary were issued and order of probate made on the 16th of the same month. There is some complaint of the refusal on the part of the trial court to permit an amendment to the objections to the probate of the will; but these objections can not be considered here, as neither the proposed amendments nor the reasons for making them appear in the record and, practically, the sole question is, whether or not the probate in Pennsylvania and its authentication were sufficient to warrant the county court, and the district court on appeal, in admitting the will to probate.

The statutes under which the Nebraska courts were acting are sections 144, 145 and 146, chapter 23 of the Compiled Statutes (Annotated Statutes, 5009, 5010, 5011), as follows:

"Sec. 144. All wills which shall have been duly proved

and allowed in any of the United States, or in any foreign country or state, according to the laws of such state or country, may be allowed, filed and recorded in the probate court of any county in which the testator shall have real and personal estate on which such will may operate, in the manner mentioned in the following sections.

"Sec. 145. When a copy of such will, and the probate thereof, duly authenticated, shall be produced by the executor or other person interested in such will, to the probate court, such court shall appoint a time and place of hearing, and notice shall be given in the same manner as in the case of an original will presented for probate.

"Sec. 146. If, on hearing the case, it shall appear to the court that the instrument ought to be allowed in this state as the last will and testament of the deceased, the copy shall be filed and recorded, and the will shall have the same force and effect as if it had originally been proved and allowed in the same court."

The whole matter seems to turn on the authentication of the Pennsylvania record. We have examined it with some care. It recites the appearance of the two subscribing witnesses to the will "before me, John S. Bare, register for the probate of wills and for the grant of letters of administration in and for Huntingdon county," and the taking of other evidence as to the authenticity of the will, and of the fact of the testator's death, and that "thereupon letters testamentary were granted" to the executor. The evidence given by the witnesses is recited. The register then appends his certificate as follows:

"COMMONWEALTH OF PENNSYLVANIA,  } ss.
    COUNTY OF HUNTINGDON.              }

"I, B. Frank Godard, register for the probate of wills and granting letters of administration * * * in and for said county, hereby certify that the within and foregoing is a correct copy of the last will and testament of Michael J. Martin, late of Tod township, deceased, with the probate attached and all matter touching the same, so full, true and

entire as the same remains on file and of record in the register's office of said county, in Will Book No. 11, page 16," etc.

"In testimony whereof, I have hereunto set my hand and affixed the seal of said office at Huntingdon, Pennsylvania, this 11th day of March, A. D. 1902.

"(SEAL.)          B. FRANK GODARD, *Register.*"

The record of probate is further authenticated as follows:

"I, John M. Bailey, presiding judge of the twentieth judicial district, composed of the counties of Huntingdon, Mifflin and Bedford, Pennsylvania, do hereby certify, that B. Frank Godard, register of wills, by whom the annexed record, certificate and attestation were made and given and who, in his own proper handwriting, thereunto subscribed his name and affixed the seal of the register's office of said county, was at the time of so doing, and now is, register of wills in and for the said county of Huntingdon in the commonwealth of Pennsylvania, duly commissioned and qualified; to all of whose acts, as such, full faith and credit are and ought to be given, as well in the courts of judicature, as elsewhere, and that the said record, certificate and attestation are in due form of law and made by the proper officer.          JOHN M. BAILEY, *Presiding Judge.*"

The authentication seems to us to be sufficient. Our statutes in reference to this matter were copied from the state of Michigan and we find in *Wilt v. Cutler,* 38 Mich. 189, record of probate almost identical with this, and without the authentication of the district court, is held sufficient to show jurisdiction of the officer, and it is held that it will be presumed that his action in taking the probate was regular. We think the fact of the jurisdiction of the register is sufficiently shown by these attestations, and, if the register had jurisdiction of the subject matter, his proceedings will be presumed regular and valid in the state of Pennsylvania, and consequently everywhere. 2 Free-

man, Judgments (4th ed.), sec. 411, citing 1 Wharton, Law of Evidence (3d ed.), sec. 99, declares that courts of probate are among those included in the terms of the act of congress providing for the authentication of judgments. The Nebraska statute (ch. 23, secs. 143-145) in giving validity to a foreign will which shall have been "duly proved and allowed * * * according to the laws of such state or country," and for action upon such probate when "duly authenticated," can hardly have intended that any less presumption of compliance with law should attach to the "duly authenticated" probate record than does to any other judicial record. It does not seem that it was necessary to specially plead the Pennsylvania statute, or to prove it. The presumption of regularity follows its "due authentication." *Otto v. Doty*, 61 Ia. 23. As is held in *Wilt v. Cutler, supra*, the absence of a former allowance or probate is immaterial if the record as a whole shows that the will was "allowed and probated."

It is recommended that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.