## FORD *v.* BAILEY.

PLEADING—AMENDMENT IN AFFIRMANCE OF JUDGMENT.

    In ejectment for a strip of land, where the case was tried upon the merits and no objection raised to the insufficiency of the description in the declaration until after judgment was entered for plaintiffs, the court properly allowed an amendment under 3 Comp. Laws 1915, §§ 12478, 12480, to correct the imperfection in affirmance of the judgment.

Error to Wayne; Mandell, J. Submitted June 6, 1919. (Docket No. 77.) Decided July 17, 1919.

Ejectment by Arthur W. Ford and others against Alfred Bailey. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Leon D. Barlow* (*Walter Barlow,* of counsel), for appellant.

*William H. Wetherbee* and *Francis A. Hilton,* for appellees.

MOORE, J. This is an ejectment suit to recover possession of a strip of land 16 feet one way and 35 and a fraction feet the other, which is 10 feet in the rear of the Masonic temple in the village of Trenton. It is claimed by the plaintiffs that this land was included in the deed given to the plaintiffs in 1863. The declaration set out the receipt of this deed and the description contained therein of the land conveyed, and also contained the following:

"2. That the plaintiffs, by and through themselves and their predecessors in office, as such trustees of Trenton Lodge, No. 8, of Free and Accepted Masons, have continued in possession of, and claim the fee in said premises, since the said third day of April, A. D. 1863.

"3. That while the plaintiffs were so possessed the defendant on or about the 22d day of November, A. D. 1904, entered into said premises, or part thereof.

"4. That the defendant voluntarily withholds from the plaintiffs the possession thereof, or part thereof."

After the verdict and judgment a motion was made for a new trial for several reasons. The important ones are as follows:

"*Second:* Because said plaintiffs allege in their said declaration 'That the defendant voluntarily withholds from the plaintiffs the possession thereof or a part thereof,' which said description of said lands so alleged by said plaintiffs to be withheld from them by the defendant is so indefinite and uncertain as to render said declaration fatally defective under the provisions of the statute requiring the premises claimed in ejectment to be withheld from the plaintiffs by the defendant to be described in their said declaration with such sufficient certainty that possession of the premises claimed may be delivered.

"*Third:* Because said declaration does not accurately, particularly and specifically describe the lands claimed by the plaintiffs to be withheld from them by the defendant as required by the statute in such cases made and provided."

The judge made the following order:

"1. It is ordered that the said motion be and the same is hereby denied.

"2. And it appearing that there may be defect or imperfection in form in the description of the land in the plaintiffs' amended declaration filed and in the judgment entered herein, in that such description includes and embraces more than the land herein described upon which, the jury found at the trial, the defendant had actually entered, and claimed title to; and that the land herein described is part of and included in the land described in the declaration and it appearing to my satisfaction that the plaintiffs should be allowed to amend accordingly, so that the said judgment shall not be reversed or annulled on technical grounds.

"It is further ordered that the first paragraph of the plaintiff's amended declaration filed and the judgment entered herein, be and each of them is hereby amended, by striking out the description of land following the words 'described as follows' and ending with the words 'on the 27th day of February, 1869,' and substituting therefor the following description:

"Commencing on the southerly boundary line of said lot number 101, at a point sixty feet and eighty-three one hundredths of a foot from the southwest corner of said lot, thence northerly parallel with the western boundary line of said lot, in a straight line, thirty-five feet and seven hundredths of a foot, thence easterly parallel with southerly boundary line of said lot, in a straight line sixteen feet, thence southerly parallel with the westerly boundary line of said lot to the southerly boundary line thereof and thence westerly along the southerly boundary line of said lot to the place of beginning. The said described premises being part of the premises intended to be sold and conveyed, and in fact sold and conveyed by one Augustus Button and Sarah Button, his wife, to Harry Saunders, trustee, on the 3d day of April, A. D. 1863, and conveyed by the said Harry Saunders, trustee, to the late William Parks, Nathaniel C. Alvord and Elliott T. Slocum, deceased, and their successors in office as trustees of Trenton Lodge, No. 8, of Free and Accept-

ed Masons, the plaintiffs' immediate predecessors in office as such trustees, on the 27th day of February, 1869."

Counsel in this court say in overruling their motion there is reversible error in that the declaration was not sufficiently definite under 3 Comp. Laws 1915, §§ 13174, 13175, 13176, 13190, 13193, and 13194. The defendants cite in support of their contention *White* v. *Hapeman*, 43 Mich. 267, and *Bringhurst* v. *Railroad Co.*, 78 Mich. 570. We think it will be seen later that the cases cited are not controlling of the instant case.

No objection was made upon the trial to the reception of testimony on the part of the plaintiffs upon the ground that the description in the declaration was not sufficiently certain and definite. There was a full trial upon the merits as to the ownership of, and the occupancy of, the strip of land for which the parties were contending. Had objection been made upon the trial, if the description in the declaration had been defective and upon that point we express no opinion, the declaration could have been easily amended. As it was, nobody was misled. The several contentions of the parties were sustained by such evidence as they were able to offer. The issues were fairly submitted to the jury, and it was not until the motion for a new trial was made that the question was raised.

The amendment was made under sections 12478 and 12480, 3 Comp. Laws 1915, which read:

"(12478) SEC. 1. The court in which any action or proceeding shall be pending shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings, which do not affect the substantial rights of the parties.

"(12480) SEC. 3. After judgment rendered in any cause, any defect or imperfections in matter of form, contained in the record, pleadings, process, entry, returns or other proceeding, may be rectified and amended by the court, in affirmance of the judgment, so that such judgment shall not be reversed or annulled." * * *

We think the amendment was in furtherance of justice and is authorized by the statute. See *Portsmouth Savings Bank* v. *Gratiot Circuit Judge*, 83 Mich. 651; *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge*, 114 Mich. 417; *Hoban* v. *Cable*, 102 Mich. 206; *Brown* v. *Brown*, 163 Mich. 337; *Miller* v. *Tanners' Supply Co.*, 150 Mich. 299.

The judgment is affirmed, with costs to the plaintiffs.

BIRD, C. J., and OSTRANDER, STEERE, BROOKE, FELLOWS, STONE. and KUHN, JJ., concurred.